**UNITED STATES v. CHOY KUM et al.**
No. 32647.

United States District Court,
N. D. California.
S. D.
Aug. 15, 1950.

Frank J. Hennessey, U. S. Atty., and Edgar Bonsall, Asst. U. S. Atty., both of San Francisco, Cal., for plaintiff.

Byron Arnold and Earl E. Waugh, both of San Francisco, Cal., for defendant.

McLAUGHLIN, District Judge.

The Indictment here, returned June 28, 1950, contains 19 Counts. Count 1 charges a conspiracy to defraud the United States and sets forth overt acts which also form the basis of the substantive charges in the remaining counts. 18 U.S.C.A. § 88, now 18 U.S.C.A. § 371. Counts 2, 5, 8, 11, 14 and 17 allege violations of the law as to passports, 18 U.S.C.A. § 1542, formerly 22 U.S.C.A. § 220. (As to these Counts, it may be noted, the reference in the caption of each of these Counts was given as 8 U.S.C.A. § 746(a) (18), now 18 U.S.C.A. § 911, but as the reference forms no part of the substantive charge, at the hearing the citation was properly corrected to read as above indicated). The remaining twelve counts charge specific violations of the

False Claims and Statements Act, 18 U.S.C.A. § 80 as amended, now 18 U.S.C.A. § 1001.

All of the Counts describe alleged offenses charged to have occurred in various months of the year 1947.

Save as to Count 1, in so far as the overt acts alleged are identical with the acts described in Counts 9 and 10, and except also as to Counts 9 and 10, the Defendant Worley, by the Motion to Dismiss, asserts that all other charges in the Indictment are outlawed by the Statute of Limitations, 18 U.S.C.A. § 582, now 18 U.S.C.A. § 3282. Just why defendant does not also concede Count 8 as not barred is not evident, despite the fact that, like Counts 9 and 10, it too relates to an act dated August 18, 1947.

Unless the running of the general 3 year Statute of Limitations has been tolled by the operation of the Wartime Suspension of Limitations Act, 18 U.S.C.A. § 590a as amended, now 18 U.S.C.A. § 3287, the Motion must be granted.

Contending that fraud is not an essential ingredient of either a violation of the Passport Act, supra, or of the False Statements Act, supra, defendant argues that therefore the first provision of the War Suspension Act is inapplicable, and hence the general Statute of Limitations ran its normal course and constitutes a bar to the prosecution under these Counts. Reliance is placed upon Marzani v. U. S., 1948, 83 App.D.C. 78, 168 F.2d 133, and the cases therein cited, and reference is made to the fact that the Marzani case was twice affirmed by a divided Supreme Court. 1948, 335 U.S. 895, 69 S.Ct. 299, 93 L.Ed. 431; (1949), 336 U.S. 922, 69 S.Ct. 513, 93 L.Ed. 1075.

■ The government resists the motion, claiming that while pecuniary injury to the United States may not be an essential ingredient of a charge under either the Passport Act or the False Statements Act, nevertheless the word "defraud" as used in the War Suspension of Limitations Act encompasses non-monetary injuries to the sovereign such as here alleged. It is therefore said that the Suspension Act did operate in this case to toll the running of the Statute of Limitations. If that be so, since the President, by Proclamation No. 2714, dated December 31, 1946, 50 U.S.C.A. Appendix, § 601 note, 12 F.R. 1, declared hostilities terminated, and by the terms of the Suspension Act the Statute of Limitations did not begin to run until December 31, 1949, then obviously this June 28, 1950, indictment is timely. The government relies upon a prior ruling of this Court, U. S. v. Bridges, D.C.Cal.1949, 86 F.Supp. 922, and also upon U. S. v. Gottfried, 2 Cir., 1948, 165 F.2d 360, opinion by Judge L. Hand, certiorari denied 333 U.S. 860, 68 S.Ct. 738, 92 L.Ed. 1139, petition for rehearing denied 333 U.S. 883, 69 S.Ct. 910, 92 L.Ed. 1157, as well as U. S. v. Gilliland, 1941, 312 U.S. 86, at page 93, 61 S.Ct. 518, 85 L.Ed. 598.

Though involving a provision of the Nationality Act, 8 U.S.C.A. § 746(1), now 18 U.S.C.A. § 1015, as well as the False Claims and Statements Act, this point has previously been ruled upon adversely to the defendant's position here by Judge Harris in U. S. v. Bridges, supra. The difference between this case and the Bridges case in so far as the point under consideration is concerned is a distinction without a substantive difference.

■ The authorities relied upon by the defendant were all considered by the court in the Bridges case. Upon the settled rule of "stare decisis", in the absence of cogent reasons for departing therefrom, the prior ruling of this court controls the disposition of the motion here. U. S. v. Inter-Island Steam Nav. Co., D.C.Hawaii 1950, 87 F.Supp. 1010, at page 1015.

■ Here, not only are there no cogent reasons for departing from the rule, but in my view too, the holding upon the point by the Second Circuit speaking through Judge L. Hand is the more persuasive. The ruling on the question in the Marzani case by the Court of Appeals for the District of Columbia was not essential to the decision and therefore the dual affirmation by a divided Supreme Court does not constitute a decision contrary to the Gottfried case wherein previously certiorari was denied. It is also evident that

the reasoning of the Gottfried case is, in any event, to be preferred. It accords with the plain meaning of the words of the War Suspension Act, and the construction placed upon it conforms to the objective sought to be attained. In short, unlike the general Statute of Limitations to which a strict construction is to be accorded, the War Suspension Act is to be liberally construed in favor of the public. To the end that while fighting for its life the sovereign would not have to divert a portion of its energies to attend timely to criminal acts of a domestic nature which were injurious to it as a sovereign, the Congress wisely provided for a suspension of the operation of the general Statute of Limitations. The construction placed upon the statute by this court and the Second Circuit in my opinion accords with this objective, as well as the plain meaning of the Act. The opposite interpretation is a narrow one, giving too much significance to the model and not enough weight to the purpose of this Act.

Further, there is no merit to the contention that the word "defrauding" which obtained in the Act in 1947, 18 U.S.C.A. § 590a, 58 Stat. 781, has a narrow meaning restricting the application of the War Suspension Act to crimes involving monetary loss to the government. When the Code was revised, the phraseology was changed to "fraud", 18 U.S.C.A. § 3287, without changing the substance. " * * * involving defrauding * * * the United States * * * in any manner * * * ", 18 U.S.C.A. § 590a, differs not from " * * * involving fraud * * against the United States * * * in any manner * * * ", 18 U.S.C.A. § 3287. As held in the cases cited in support of this ruling, the concept of "defrauding" or of "fraud" used in this Act is not to be narrowly construed as requiring a showing that the substantive charge involved necessarily a monetary loss to the government. U. S. v. Gilliland, supra. The Act is to be accorded a wide scope.

For the reasons recited, and upon the authority of the Bridges, Gottfried and Gilliland cases, the motion is denied and an order to this effect will be signed upon presentation.